IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                             ORDER

            Plaintiff,

                                                       09-cv-712-bbc
                                                       08-cr-49-bbc-01

      v.

BRIAN UNDERWOOD,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Brian Underwood has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, in which he contends that he was convicted in violation of his constitutional rights. He alleges that the government allowed a fraudulent indictment to be returned by the grand jury; he was denied effective assistance of counsel when both trial counsel and sentencing counsel failed to investigate the amount of pseudoephedrine used to calculate the drug quantity for which he was held responsible; and sentencing counsel failed to raise a challenge under <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), to the enhancement of his sentence for possessing a gun. None of these claims has any merit. Therefore, defendant's motion will be denied without the evidentiary hearing or

1

appointment of counsel he has requested.

## BACKGROUND

Defendant Brian Underwood and his girlfriend Holly King were arrested following an investigation initiated by an anonymous tip that methamphetamine was being manufactured in a garage in Sun Prairie, Wisconsin. Officers executed a "no knock" search warrant at their residence and unattached garage in March 2008 and recovered an anhydrous ammonia tank, acid gas, generators, coffee filters, pseudoephedrine blister packs, stripped lithium batteries, methamphetamine residue and other equipment used to manufacture methamphetamine, together with a .45 caliber pistol in a holster hanging from a light fixture in a hallway in the house. The police arrested King at the residence; they arrested defendant at about the same time in the course of a traffic stop. Defendant admitted that he was going from store to store to buy Sudafed and that he had a methamphetamine manufacturing laboratory in his garage.

Defendant and King were charged with conspiracy to possess pseudophedrine with the intent to manufacture methamphetamine. Both entered pleas of guilty. Before his sentencing, defendant objected to the drug weights calculated by the probation office. When the government agreed with the objection, the probation office lowered its estimate to the agreed-upon amount. Defendant raised a second objection to the enhancement for

possession of a gun, arguing that he never stored it in the garage where he manufactured the methamphetamine but kept it locked in a wall safe in the basement of his residence. I found that defendant was responsible for only the smaller weight of drugs, but that he had possessed the gun in connection with his drug trafficking activities. The gun had not been found locked in a wall safe, but loaded, in plain sight hanging on a light fixture. Defendant did not carry his burden of showing that the gun was probably not used in connection with his drug trafficking.

At sentencing, I found that defendant had been responsible for 268.8 grams of pseudoephedrine and that he had possessed a gun in connection with his offense. His advisory guideline range was 108 to 135 months. Defendant did not object to the drug quantity at sentencing. I sentenced him to a term of 120 months, taking into consideration the seriousness of his criminal conduct, the danger to his family and neighbors, the lack of any guidance or support from his parents and his intense addiction to drugs.

Defendant appealed from his sentence, arguing only the validity of the gun enhancement in the wake of the Supreme Court's decision in <u>Heller</u>. The Court of Appeals for the Seventh Circuit found no merit to the argument.

OPINION

A. Fraudulent Indictment

Defendant challenges the legitimacy of the indictment returned against him and Holly King on two grounds: the indictment does not specify the amount of methamphetamine that he allegedly possessed, it is not signed by the jury foreman and the signature of the presiding juror seems to be rubber stamped. Defendant never challenged the indictment before he entered his plea of guilty or on appeal, so he is barred from raising them in this motion unless he can show both that the errors are jurisdictional and cause and prejudice for his failure to raise them on appeal. He has made neither showing. Even if he had not, he could not have prevailed on the challenges. First, it was not necessary for the government to allege drug quantities if it is not seeking a penalty in excess of the maximum statutory penalty for the offense. Apprendi v. New Jersey, 530 U.S. 466 (2000) (any fact that increases penalty for crime beyond statutory maximum must be submitted to jury and proved beyond a reasonable doubt). Defendant faced a statutory maximum penalty of 20 years under 21 U.S.C. § 841(c)(1) and was sentenced to ten years.

As to defendant's contention that the indictment that the grand jury returned was fraudulent, defendant has made no showing that it was not signed properly by the presiding juror. ("Presiding juror" refers to the same function as "jury foreman"; the indictment was signed by the presiding juror, so there was no need for the signature of the "jury foreman").

4

He says it "looks to be rubber stamped," but he has submitted no proof to support his speculation, so he cannot proceed on this claim.

### B. Ineffectiveness of Trial Counsel

1. Strickland standard

In determining whether a defendant has been deprived of his constitutional right to counsel at trial, the governing case is Strickland v. Washington, 466 U.S. 668, 689 (1984). In this case, the Supreme Court held that proof of the denial of the constitutional right to effective counsel requires a two-prong showing: the defendant must show that his counsel's representation fell below the minimum standard of representation *and* that the effect of the substandard work was prejudice to the defendant.

2. Failure to investigate

Defendant says that both trial counsel and sentencing counsel were ineffective because they failed to investigate the accuracy of the government's claim of pseudoephedrine purchases by defendant. In support of his claim, he has submitted a mostly illegible summary of purchases from various stores in the Sun Prairie-Madison area. (The government submitted a slightly more legible one to assist the court in evaluating defendant's claim.) He contends that the list is incomplete because it does not show the

5

location of the particular store or time of sale of some of the purchases and maintains that his counsel should have investigated the discrepancies. Tellingly, he does not say that an investigation would have shown that he did not make all of the purchases shown on the list. The law is clear that a person seeking post conviction relief and alleging that his counsel did not undertake a sufficient investigation of the government's case must provide the court "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced" Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003), and show that the information discovered "would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 US. 52, 58-60 (1985).

Not only has defendant failed to produce any evidence of how an investigation of drug purchases would have reduced the amount of pseudoephedrine for which he was held accountable, the record contains ample evidence of the effectiveness of his counsel in reducing the quantity of drugs for which he was held accountable at sentencing. Counsel succeeded in persuading the probation office and the court that counsel should be held responsible for no more than 268.8 grams of pseudoephedrine, rather than the 358 grams originally estimated. Defendant had an opportunity at sentencing to object to the 268.5 gram amount and said nothing about it.

If defendant is asserting now that he should have been held responsible for only 122 grams, his argument is futile. His offense level would remain the same. U.S.S.G. §

6

2D1.11(d)(4) prescribes a base offense level of 32 for offenses involving at least 100 grams but less than 300 grams of pseudoephedrine. Thus, even if defendant could prove that his counsel's work fell below the minimum standard of representation, he could not prove the second prong of the showing of constitutional ineffectiveness, which is prejudice.

3. <u>Failure to argue Heller</u>

Defendant has no ground for arguing that his counsel was ineffective in not arguing <u>Heller</u>, 128 S. Ct. 2783. at his sentencing. The issue was raised and argued on his direct appeal and decided against him. Thus, he cannot satisfy either prong of the showing he is required to make under <u>Strickland.</u> He cannot show either that a reasonably competent lawyer would have argued <u>Heller</u> at his sentencing or that he was prejudiced by the omission of this argument.

In short, defendant has failed to show that he qualifies for post conviction relief under 28 U.S.C. § 2255. Defendant moved for appointment of counsel to represent him and for an evidentiary hearing. Both motions will be denied. Defendant has not made even the barest showing of entitlement to relief, let alone disputed factual issues that would require holding an evidentiary hearing. Without any need for an evidentiary hearing, there is no reason to appoint counsel.

ORDER

IT IS ORDERED that defendant Brian Underwood's motions for post conviction relief under 28 U.S.C. § 2255, for an evidentiary hearing and for the appointment of counsel are DENIED. Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

Entered this 4th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge